**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SHERONDA FRANCIS**                                                                                **PLAINTIFF**

**vs.**                                              **CASE NO. 4:06-CV-01627 GTE**

**ARKANSAS BLUE CROSS AND BLUE SHIELD**                              **DEFENDANT**

### ORDER

Before the Court is Defendant Arkansas Blue Cross and Blue Shield's Preliminary Motion for Summary Judgment. Plaintiff has responded to the motion. For the reasons stated herein, the Court denies the motion.

**I.     BACKGROUND**

Defendant Arkansas Blue Cross and Blue Shield ("BCBS") hired Plaintiff Sheronda Francis as a temporary mailroom employee in August 2003. On February 24, 2003, Plaintiff filed for Chapter 13 bankruptcy relief in the U.S. Bankruptcy Court for the Eastern District of Arkansas, Petition No. 4:04-bk-12257 (hereinafter, "bankruptcy proceeding"). Plaintiff subsequently filed a Charge of Discrimination ("Charge") with the EEOC on June 19, 2006, alleging that BCBS had discriminated against her by failing to promote her since December 2004. Plaintiff failed to amend her Chapter 13 petition or schedules to reflect her potential claim against BCBS.

On June 23, 2006, Plaintiff filed a notice in the bankruptcy proceeding to convert her Chapter 13 to a Chapter 7. On July 14, 2006, Plaintiff filed amended schedules in the bankruptcy proceeding. Plaintiff failed to disclose the claim filed with the EEOC approximately

one month earlier. On September 6, 2006, the EEOC issued Plaintiff a Notice of Right to Sue letter. On September 29, 2006, the bankruptcy court granted Plaintiff a no asset discharge of her debts.

On November 13, 2006, Plaintiff filed a Complaint in the Circuit Court of Pulaski County, Arkansas. Therein, Plaintiff alleged that BCBS discriminated against her on the basis of her race, in violation of the Arkansas Civil Rights At of 1993 ("ACRA"), Title VII, and 42 U.S.C. § 1981. On November 21, 2006, Defendant removed the action to federal court.

**II.    DISCUSSION**

BCBS contends that Plaintiff's claims should be dismissed with prejudice based on the doctrine of judicial estoppel. If applied, the doctrine would preclude Plaintiff from asserting a position in this lawsuit contrary to one asserted under oath in a prior proceeding. "Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even thought the parties in the second suit may not be the same as those in the first suit." *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993). Judicial estoppel has been applied to plaintiffs who failed to disclose their employment claims in their bankruptcy proceedings. The Eighth Circuit expressed guidance on the issue last year in *Stallings v. Hussmann Corp.*, 447 F.3d 1041 (8th Cir. 2006).

In *Stallings*, the Eighth Circuit outlined the three factors to be applied to determine whether to apply judicial estoppel in any given case. Adopting the factors delineated in *New Hampshire v. Maine*, 532 U.S. 742 (2001), the Court described the factors:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. . . . A third consideration is whether

> the party seeking to assert an inconsistent position would derive an
> unfair advantage or impose an unfair detriment on the opposing
> party if not estopped.

*Stallings*, 447 F.3d at 1047 (quoting *New Hampshire*, 532 U.S. at 750-51 (internal quotations and citations omitted)).  Additionally, judicial estoppel may not be applied if a debtor's failure to disclose the claim in bankruptcy proceedings was the result of a "good-faith mistake rather than as part of a scheme to mislead the court."  *Id.* at 1049 (citation omitted).  The *Stallings* court specifically rejected a rule that would allow a debtor's nondisclosure in bankruptcy alone to provide the requisite bad intent, noting that such an approach "would inevitably result in the preclusion of viable claims on the basis of inadvertent or good-faith inconsistencies."  *Id*. (citation and internal quotes omitted).

The *Stallings* court ultimately determined that the district court erred in applying the judicial estoppel doctrine.  The Court found that factors two and three were not established. Under factor two, the bankruptcy court granted the bankruptcy trustee's motion to dismiss the case , thereby denying Stallings the discharge he sought.  Under the third factor, the court concluded that Stallings would not obtain an unfair advantage over the defendants, his employer and supervisor, if he were allowed to proceed with his wrongful termination claims under the FMLA.  *Id*. at 1049.  Stallings was already a Chapter 13 debtor when his employer terminated him.  Thus, the Court noted that he "could not have known at the time he filed his bankruptcy petition to disclose such claims."  *Id*.

Here, the first *Stallings* factor is satisfied.  Plaintiff failed to list her claim against BCBS either in her Chapter 13 or in her subsequent Chapter 7 proceedings.  She filed a claim with the EEOC with her Chapter 13 claim pending.  More importantly, approximately four days after filing her claim with the EEOC, Plaintiff converted her Chapter 13 proceeding to a Chapter 7

- 3 -

proceeding. This change required Plaintiff to update her schedules. On July 14, Plaintiff filed amended schedules in her bankruptcy proceeding, and she again failed to list her claim, which was then pending before the EEOC, against BCBS. While Plaintiff did not have an EEOC claim pending when she initially filed for bankruptcy in 2004, she should have disclosed the potential claim when she filed her supplemental schedules after converting to a Chapter 7 proceeding.[1] Plaintiffs position in this case that she has a legitimate claim for money damages against BCBS based on discrimination against her between December 21, 2005, and continuing thereafter, is inconsistent with her failure to disclose such claims to the bankruptcy court.

As to factor two, the fact that the Bankruptcy Court granted Plaintiff a discharge without notice of her claim against BCBS arguably creates the appearance that the Bankruptcy Court was misled. However, on March, 1, 2007, Plaintiff, through counsel, filed a motion to reopen her Chapter 7 bankruptcy proceeding. On March 7, 2007, the Bankruptcy Court reopened the case. The Bankrutpcy Court scheduled a hearing to consider Plaintiff's request to declare the present lawsuit exempt. In April, the Bankruptcy Court granted Plaintiff's request, declaring the present lawsuit exempt from her bankruptcy. Additionally, Plaintiff's creditors have been given notice that the payment of a dividend may now be possible. Plaintiff's creditors have until July 20, 2007, to file a claim in the reopened bankruptcy proceeding. Accordingly, the Court cannot find at this juncture that either the bankruptcy court or this Court is being misled.

Finally, as to the third *Stallings* factor, the Court cannot find that Plaintiff will derive an unfair advantage over BCBS if she is allowed to proceed with her employment discrimination claims. Plaintiff states that her failure to advise the bankruptcy court of this claim previously

---

[1] The Court expresses no opinion on whether Plaintiff should have sought to amend her Chapter 13 schedules to notify the Bankruptcy Court of her claim against BCBS.

- 4 -

was unintentional.  The bankruptcy court has now been advised of this lawsuit, albeit after the fact.  Further, in the event of a recovery, the bankruptcy trustee will have the option to distribute any recovery in excess of the statutory exemption to Plaintiff's creditors (assuming they file a claim).

As the Eighth Circuit specifically instructed in *Stallings*, judicial estoppel should only be applied "as an extraordinary remedy when a party's inconsistent behavior will result in a miscarriage of justice." S*tallings*, at 1049.  The record, considered in its entirety, will not support such a finding here.

## CONCLUSION

Accordingly,

IT IS THEREFORE ORDERED that Defendant Arkansas Blue Cross and Blue Shield's Preliminary Motion for Summary Judgment (Docket No. 10) be, and it is hereby, DENIED.

IT IS SO ORDERED this   2nd    day of July, 2007.

                                          _/s/Garnett Thomas Eisele_____
                                          UNITED STATES DISTRICT JUDGE