**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**SHERONDA FRANCIS** **PLAINTIFF**

**No. 4:06-cv-1627**

**v.**

**ARKANSAS BLUE CROSS**
**AND BLUE SHIELD** **DEFENDANT**

**PROTECTIVE ORDER**

This matter comes before the Court on Stipulation of the Plaintiff Sheronda Francis, by and through her counsel, and Defendant Arkansas Blue Cross Blue Shield ("BCBS"), by and through its counsel, with respect to certain matters of discovery.

1. Defendant BCBS anticipates that in discovery Plaintiff will seek information and documents that Defendant contends contain trade secrets, business secrets, and confidential, private and proprietary information concerning Defendant's businesses and contain confidential personal information concerning Defendant's employees or former employees.

2. "Document," for purposes of this Order, encompasses all written, recorded, or graphic material as well as all electronically stored material, whether found within computer data, computer files, compact discs containing computer data or files, computer hard discs (hard drives) containing computer data or files, fragmented documents, or electronic communication (E-mail).

3. Defendant contends that release or publication of this information or these documents would cause Defendant considerable and substantial irreparable harm, and may cause Defendant, its employees and/or former employees annoyance, embarrassment, and oppression. Defendant further contends that release or publication of this information or these documents

would constitute a clearly unwarranted invasion of the personal privacy of Defendant's employees or former employees and may cause individual embarrassment, annoyance and oppression.  Further, some of the electronically stored information and other documents in this matter may contain protected attorney work product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence (Protected Material).

4. Defendant is willing to produce certain information and documents that may be relevant or which may be requested on the condition that the following Protective Order be entered by this Court in order to protect the confidential, proprietary, and personal nature of the information from disclosure to the public generally or for purposes other than prosecuting or defending the claims of the parties in this case.

NOW, THEREFORE, it is hereby ordered:

Any and all documents or other materials or information produced by Defendant BCBS in the course of this litigation, which contain trade secrets, business secrets, and confidential, private and proprietary information with regard to the business interests of Defendant, or which contain confidential personal information concerning Defendant's employees or former employees, may be designated "CONFIDENTIAL" by Defendant.

1. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.  Such documents (and all copies, electronic or otherwise of such

documents) shall promptly be returned to the disclosing party upon discovery by the other party or upon request of the disclosing party.

2. Materials or documents may be designated "CONFIDENTIAL" by either (1) the materials or documents being labeled "CONFIDENTIAL" by stamp or other means at the time of production or during deposition of the intention to treat the materials or documents as "CONFIDENTIAL," with subsequent written confirmation.

3. Materials or documents, including electronically stored documents, produced by Defendant that are designated "CONFIDENTIAL" shall be used by Plaintiff, or those working on her behalf, only for litigation of this action and shall not be used for any other purposes. Disclosure of "CONFIDENTIAL" materials or documents shall be limited to Plaintiff's attorneys or legal interns, Plaintiff's experts or consultants, and the support and clerical personnel working with such attorneys, legal interns, experts or consultants.

4. No copies, summaries, or abstracts of any nature of the "CONFIDENTIAL" materials or documents disclosed by Defendant shall be made by Plaintiff or her attorneys or legal interns for distribution or for use by anyone other than the persons identified in the immediately preceding paragraph.

5. Pursuant to Paragraph 13 hereof, none of the materials or documents designated "CONFIDENTIAL" shall be made a part of the public record herein, but rather shall be filed under seal and kept under seal of the Clerk of the Court.

6. Prior to disclosure of any "CONFIDENTIAL" materials or documents to any expert or consultant, Plaintiff's counsel shall obtain the signature of each such person to whom the information is to be disclosed on a copy of this Protective Order. The person's signature on

this Order constitutes an agreement to comply with the terms of this Order unless and until the same is modified by a subsequent Order of the Court.

7. It is the purpose of this Protective Order to maintain free from public disclosure materials, documents, and information that are claimed to be non-public and obtained from Defendant's files for use in producing discovery in the above-captioned action without the necessity for presently deciding whether such non-public materials, documents or information are confidential or proprietary in the strict legal sense.

8. Nothing herein shall preclude Defendant's counsel from agreeing to waive any "CONFIDENTIAL" designation that had been made.

9. If Plaintiff disagrees with the designation of any document or information as "CONFIDENTIAL," the parties will attempt in good faith to resolve such dispute informally, and if they are unable to do so, may ask the Court to resolve such dispute.

10. Nothing herein shall affect or inhibit the right of either party to admit into evidence at trial or to otherwise submit any confidential document under seal with any concurrently filed pleadings, any document protected herein, or to object to the admission into evidence of any such document.

11. The parties' need for the information deemed "CONFIDENTIAL" pursuant to this Order will cease at the conclusion of the action. Therefore, all such documents and information, including any copies, summaries, and abstracts of any nature of any materials or documents designated "CONFIDENTIAL" shall be returned to Defendant by Plaintiff's attorneys at Defendant's cost within 45 days after the conclusion of this action, with the following exception. Plaintiff's counsel shall be permitted to maintain the complete integrity of his case file by maintaining one complete copy of the file for a reasonable time, not to exceed

three years, provided that counsel continues to comply with the terms of this Protective Order. After the three year period, any and all remaining "CONFIDENTIAL" documents shall be destroyed by Plaintiff's counsel or returned to Defendant (if Defendant so requests by written notice given not later than 10 days prior to the expiration of the three year period).

12. Either party may at any time seek modification, revision, clarification or termination of this Order.  This Protective Order shall be binding on the parties hereto when signed regardless of whether or when the court enters its Order.

So ordered this  13th  day of July 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

HARRILL & SUTTER, PLLC
310 Natural Resources Drive
Little Rock, Arkansas, 72221
Telephone:    (501) 604-5300
Telefax:         (501) 604-5325

Attorneys for Plaintiff


FORD & HARRISON, LLP
795 Ridge Lake Blvd., Ste. 300
Memphis, TN 38120
Telephone:    (901) 291-1500
Telefax:         (901) 291-1501
E-mail: kpascover@fordharrison.com

Attorneys For Defendant